W. C. PARKE *et al.* Trustees under the Will of W. C. LUNALILO *vs.* THE WAIHEE SUGAR COMPANY.

ON EXCEPTIONS FROM THE DIRECTIONS OF THE CHIEF JUSTICE AT THE TRIAL.

APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.  DOLE, J., having been one of the Trustees, did not sit.

In an action of ejectment for a piece of land known as the "Ili of Kuunahawelu," situate at Waihee, Island of Maui, the plaintiffs claimed title under an award of the Land Commissioners to W. C. L. of the "Iliaina o Ahikuli."

The defendant claimed under a conveyance dated December 6th, 1880, from the trustees of the will of W. C. L. of "all the right, title and interest of the said trustees under said will, in and to all that tract of land situated in Waihee, Island of Maui, known as the Ili of Ahikuli, containing an area of 1324 acres more or less, and described in Land Commission Award No. 8559 B. Ap. 21."

The Court (Judd, C.J.) instructed the jury, *inter alia:*

3.  "The deed from the plaintiffs to the defendant passed all the land known as Ahikuli."

4.  "The grant of an Ili by name will pass all *leles* forming part of such Ili."

6.  "If the land claimed is a *lele* of Ahikuli, it passed to the defendant by force and effect of the deed of December 6th, 1880, *if unexplained.*"

Held, that the third and fourth instructions were correct and that the Ili passed by the deed.

Held also, that the conveyance of all a party's interest in property, to a purchaser for value, passes every interest vested in him.

Held also, that the addition of the words, "if unexplained," to the sixth instruction, was erroneous, but being for the benefit of the plaintiffs, they could not avail themselves of such error.

Exceptions overruled.

Opinion of the Court, by Preston, J.

This is an action of ejectment to recover possession of a piece of land described as " The Ili of Kuunahawelu, ·situate at Waihee, Island of Maui," the boundaries whereof are set out in the complaint.

The case was tried by the Chief Justice and a foreign jury at the last January Term, when a verdict was found for the defendant.

The plaintiffs excepted to certain instructions of the presiding Justice, and also to his refusal to instruct the jury as requested by the plaintiffs.

The plaintiffs claimed title under an award of the Land Commission No. 8559 B. to W. C. Lunalilo, Apana 21, "Iliaina o Ahikuli."

The defendant claimed under a conveyance from the trustees, dated the sixth day of December, 1880, whereby the trustees conveyed to the defendant "all the right, title and interest of the said trustees under said will, in and to all that tract of land situated in Waihee, Island of Maui, known as the Ili of Ahikuli, containing an area of 1324 acres, more or less, and described in Land Commission Award No. 8559 B. Ap. 21."

The defendant claimed that the land in dispute was a *lele* of the Ili of Ahikuli and passed by the deed.

The plaintiffs claimed that the land in dispute was an *Ili Ku*, and belonged to them as the owners of the Ahupuaa of Waiehu, or if a *lele* of Ahikuli, that it did not pass by the deed, not being mentioned and not being at the date of the deed known to be such *lele*.

The Court instructed the jury (at the request of the defendants) :

1. "The burden of proof is upon the plaintiffs to show a good title to the land in question.

2. " The plaintiffs must recover on the strength of their own title and cannot recover on account of mere weakness in the defendant's title.

3. " The deed from the plaintiffs to the defendant passed all the land known as Ahikuli.

4. " The grant of an Ili by name will pass all *leles* forming part of such Ili.

5. "If the jury find that the trustees knew Kuunahawelu was a *lele* of Ahikuli, the only way it could be prevented from passing under the deed was by an express reservation."

The Court also instructed the jury.

6. "If the land claimed is a *lele* of Ahikuli, it passed to the defendant by force and effect of its deed of December 6th, 1880, if unexplained.

7. "I do not think that the words in that deed referring to the Land Commission Award are merely descriptive of the source of title, but I think that those words describe the estate conveyed by the deed."

Counsel for the plaintiffs contended that the instructions numbered 3 and 4 were inconsistent with that numbered 6, and that consequently a new trial was a matter of right, whatever instructions were correct, since it cannot be known which were followed by the jury.

That whether or not this outlying *lele*, not being described or referred to in the deed of conveyance, was included therein, is not to be determined by any expressions used in the deed.

That the grantors having conveyed " all their interest in that tract of land known as the Ili of Ahikuli," it is material, when such words are used, to ascertain what was, at the date of the deed and not anciently, known as such Ili. If this Ili was so known it passed, otherwise not.

### By the Court.

It appears to us that the jury have found that the land in question is a *lele* of the Ili of Ahikuli, and was known to be such by the defendant's grantors at the date of the execution of the deed of December, 1880.

We are of opinion that the third and fourth instructions given were correct, and that the *lele* passed by the deed.

The conveyance of all of a party's interest in property to a purchaser, for value, passes every interest vested in him.

Elphinstone on the Construction of Deeds, p. 204, and notes thereto.

Consequently this *lele* and the reversion passed.

This being our view, the addition of the words, "if unexplained," to the sixth instruction, was erroneous, and for the benefit of the plaintiffs, and they cannot avail themselves of such error.

With respect to the exceptions to the refusal of the Court to instruct the jury as requested by the plaintiffs, we only say that we think such refusal was substantially correct, and that upon the evidence we are satisfied with the verdict.

The exceptions are overruled.

*A. S. Hartwell*, for plaintiffs.

*F. M. Hatch*, for defendant.